SUTTON, Circuit Judge.
I concur in the majority’s determination that Khan was unable to establish his eligibility for asylum, withholding of removal or protection under the Convention Against Torture. Yet I do not agree with the majority’s conclusion that the IJ violated Khan’s due process rights and offer this brief explanation why.
On one point, I am quite sympathetic with the majority’s perspective. When the credibility of an applicant is in doubt, as was the case here, one would expect an IJ to be quite forgiving in allowing testimony by family members (or other witnesses) that purports to corroborate what the applicant has said or otherwise bolsters the applicant’s credibility. Were this such a case, I would be inclined to join the majority’s opinion: An IJ cannot simultaneously chastise the applicant’s credibility and prohibit him from introducing testimony that rehabilitates or otherwise supports his testimony.
But that is not what happened. Khan did not show below — and he has not shown here — how his brother’s testimony would have alleviated the primary concerns that the IJ had about his credibility. As the majority points out, the key gaps in Khan’s credibility related to the alleged torture he suffered and the circumstances by which he had tried to return to Pakistan and learned of an alleged plot against his life. Rather than offer his brother’s testimony to shore up these deficiencies in his application, Khan offered up his brother’s testimony for different reasons and in what can only be described as the most half-hearted of ways. He initially stated that his brother’s situation “overlapped] to some extent” with his own but then admitted that his brother’s situation was different. JA 270. He then said that his brother’s testimony “might make it a little more clear[ ] about what happened to the father,” though as for that he acknowledged, “but I think it may be clear enough for the Court at this time anyway.” JA 271. He next proffered that the brother could testify about the assassination attempt on the brother’s life but never explained how that would bolster the credibility of Khan’s testimony about his explanations for obtaining asylum.
Making matters worse, Khan admitted that much of the information that the brother could offer was contained in the background materials already submitted to the court. And when the IJ suggested that the testimony was “not going to get us much further,” Khan did not contradict the point but seemed to concede it by simply responding, “[o]kay.” JA 273. On this record, I cannot see how such a proffer put the IJ to the choice either of admitting the additional testimony or violating the Due Process Clause.
Nor does Podio v. INS, 153 F.3d 506 (7th Cir.1998), establish that the refusal to accept this testimony violates due process. In that case, the IJ refused to allow Podio’s relatives to testify without identifying any reason for his decision, then found Podio incredible because his testimony was “uncorroborated.” Id. at 511. Here the IJ listened to Khan’s proffer and, believing that the testimony would merely duplicate evidence already before the court, denied its admission. The better analogy is Bicja v. INS, No. 03-3049, 2005 WL 54727 (6th Cir. Mar.3, 2005). In that case, the IJ stated that “I really don’t see anything that [the witness] is going to add unless you can think of something.” Id. at *3. Bicja’s counsel did not advance any further *310 arguments, and the testimony was not admitted. Id. Quite similarly here, Khan’s counsel was given an opportunity to show why the testimony should be allowed but never gave a meaningful explanation why it would benefit his case. Put another way, if the brother’s testimony — as previewed — had been admitted, Khan has not explained how it would have (or could have) altered the key credibility findings at issue in the case. And that is enough to show that the refusal to admit the testimony does not violate due process.